# Forchheimer *v.* Feistmann alias Fatman.

[OCTOBER 6, 1845.]

In an action on a bill of exchange drawn and payable in a foreign country, an affidavit of defence averring want of notice of non-payment or non-acceptance, is defective, unless it show that notice *could* have been given to the defendant.

IN this case the plaintiff filed copies of two foreign bills of exchange, drawn by defendant, by the name of Feistmann, in Munich, Bavaria, upon the Messrs. Allman, and

---

[Forchheimer *v.* Feistmann.]

Ross & Brother, in Augsburg, for 2015 florins, payable to the order of Marcus Pflaum, and by him endorsed to plaintiff.

The defendant filed an affidavit of defence, averring that from his dealings with the drawees he had a right to draw on them, and that no notice either of non-acceptance or non-payment had been given to him.

Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

*Brightly*, for plaintiff.
*H. M. Phillips*, for defendant.

SERGEANT, J.—Held, that the affidavit was insufficient in not showing that notice could have been given to the defendant. It was easy for him, if he had been a resident of Bavaria at the maturity of the bills, to have stated it in his affidavit.

Judgment for plaintiff.*

---

* Notice to an endorser must be given, although he is beyond sea, if the place of his residence be known; and reasonable diligence must be used to find out his place of residence. But where, at the time of the endorsement, the defendant lived in Philadelphia; and afterwards, and before the note became due, went to New York, with an intention to embark for England, which intention was known to the makers of the note, but not to the endorsee, notice left at his last place of residence in Philadelphia, was ruled to be sufficient. *M'Murtrie* v. *Jones*, 3 W. C. C. 206; 1 Am. Lead. Cas. 415.

In the district court for the city and county of Philadelphia, it has been determined that an affidavit of defence that alleges facts, which, if proved on the trial, would oblige the plaintiff to show that he was a *bonâ fide* holder, for value, of the note sued upon, is sufficient to prevent judgment. And it is sufficient for that purpose to show that the note was given in the name of a firm by one member thereof, for his private debt, without the knowledge and consent of his co-partner. *Purves* v. *Corfield*, March 8, 1851, MS.; *Heath* v. *Sanson*, 2 B. & Ad. 291.